[Civil No. 595. Filed June 11, 1898.]

[53 Pac. 575.]

# CONSOLIDATED CANAL COMPANY, a Corporation, Plaintiff and Appellant, v. MESA CANAL COMPANY, a Corporation, Defendant and Appellee.

1. IRRIGATION—CONTRACTS—INJUNCTION—RIGHT TO—DEPENDENT UPON AGREEMENT.—Where plaintiff canal company has entered upon and enlarged the canal of defendant company under a written contract, such contract determines the right of plaintiff to enjoin defendant from doing any act in control of its property and conduct of its business.

2. SAME—SAME—SAME—USE OF IRRIGATION WATER FOR POWER PURPOSES—DESTRUCTION OF WATER-POWER.—Where plaintiff canal company has entered upon the canal of defendant and enlarged and raised the grade of the same above the division-gates, under an agreement that before plaintiff "is entitled to receive or use any water through the canal, it shall first deliver at the division-gates seven thousand inches of water to defendant," and the agreement is silent as to the elevation at which water should be delivered, plaintiff is not entitled to an injunction restraining defendant from placing a dam, at its own expense, below the division-gates, sufficiently high to raise the water so as to irrigate lands under defendant's canal that could not have been formerly irrigated at the original elevation, though such dam destroyed a water-power developed by the drop at the division-gates and used for years by plaintiff, it appearing from the evidence that such water-power was so generated by the seven thousand inches the use of which is denied to plaintiff in its contract with defendant.

3. SAME—SAME—SAME—SAME — DIMINISHING CARRYING CAPACITY.—A slight difference in the carrying capacity of plaintiff's canal is insufficient ground to warrant such injunction where it appears that the height of the water as raised by the dam does not exceed the level at which it had been carried by the plaintiff to the point of delivery.

AFFIRMED. *Consolidated Canal Co.* v. *Mesa Canal Co.,* 177 U. S. 296, 20 Sup. Ct. 628, 44 L. Ed. 777.

APPEAL from a judgment of the District Court of the Third Judicial District in and for the County of Maricopa. A. C. Baker, Judge. Affirmed.

The facts are stated in the opinion.

C. F. Ainsworth, Thomas D. Bennett, and John D. Pope, for Appellant.

C. M. Frazier, for Appellee.

DOAN, J.—This was an action brought by the appellant in the lower court to enjoin the appellee from building and maintaining a check or dam in appellee's canal, and thereby backing up the water against the division-gates that separated the waters of the appellee's canal from the waters in the canal of the appellant, and thereby impeding the flow of water in the appellant's canal, and destroying a water-power used by appellant for propelling machinery. Both parties to this action are corporations doing business in the county of Maricopa, Arizona Territory, organized for the purpose of conveying water from the Salt River, and delivering the same to the consumers and users thereof along the line of their proposed and constructed canals, and both are engaged in the transaction of such business. The appellee, being the owner of the Mesa Canal, on January 10, 1891, entered into a written contract with A. J. Chandler, authorizing him, his successors and assigns, to take possession of that portion of the Mesa Canal between a point known as "Ayer's Headgate" and a point on the Salt River where the said canal was taken out, and to reconstruct and enlarge the canal, thereby increasing its carrying capacity, and thereafter delegating to the said Chandler, his successors and assigns, the management and control of the part so to be enlarged and reconstructed. . Chandler transferred his rights under the contract to the appellant, the Consolidated Canal Company, which last-named company enlarged and reconstructed the Mesa Canal down to the place called the "Division Gates," which latter point seems, by the evidence in the case, to have been by mutual consent of the contracting parties substituted for Ayer's headgate as the point of division of the waters and delivery by the appellant to the appellee of the water to which the latter is entitled. In thus enlarging and reconstructing the canal appellant raised the grade thereof at great expense, for the purpose of carrying the water at a higher elevation, thereby enabling the canal to cover more and other lands. The elevation of the grade at the point where the division-gates were located was about five feet above the grade at that point on

the canal formerly owned by the appellee. The purpose and desire of the appellant was to secure through the enlarged canal a flow of water for irrigation and other purposes for itself and patrons. Under the terms of the agreement for such purpose, it bore the expense of the enlargement and reconstruction of the canal to that point from the point of diversion on the river, and obligated itself to deliver at this point to the appellee, at a certain annual rental, seven thousand inches of water, which amount was in the stipulation agreed upon as the original carrying capacity of the Mesa Canal. Upon the construction of the division-gates at the point named, the appellant delivered the water to the appellee at the elevation of the former canal at that point, thereby securing a waterfall of five feet in the water thus delivered. After delivering the water in that manner for some years, the appellee built a dam in its canal a short distance below the division-gate, that raised the water and caused it to flow through a lateral ditch that enabled the appellee to irrigate some lands under its former canal, on which it had not been able to place water from its former elevation. The effect of this raise in the water was to reduce the fall at the division-gate. Thereafter the appellant constructed a water-wheel, and a mill for grinding grain, to be driven thereby, and erected them at the division-gate, the wheel to be turned by the water after its discharge through the division-gate for delivery to the appellee; whereupon the appellee increased the height of the dam that had been formerly built to such an extent that it raised the surface of the water, and backed up the same against the division-gate in such a manner as to destroy three and one half feet of the five-foot fall that had been thereby occasioned, and totally destroyed the water-power. A further result of the elevation of the water in the appellee's canal was to impede the flow of water in the appellant's canal above the division-gates, and thereby detract from the carrying capacity of the appellant's canal.

On the refusal of the appellee, when requested by the appellant to remove the dam, this action was brought; and upon the allegation that the damage to the appellant could not be estimated or approximated and was irreparable, and could not be adequately compensated in money value, the court was asked to enjoin and restrain the appellee from maintaining

the dam at the said place, or at any place, below the division-gates, that would back up the water against said division-gates and destroy or injure this water-power or impede the flow of the water in the appellant's canal. The Mesa Canal Company (appellee) demurred to the complaint, entered a general denial, and further alleged that if the grade of the Mesa Canal below the headgate was raised by the Consolidated Canal Company in the enlargement or reconstruction of the Mesa Canal, said grade was not raised for the exclusive right or benefit of the Consolidated Canal Company, but inured to the benefit of the Mesa Canal Company as well, and that the said Mesa Canal Company have the right to receive and enjoy whatever benefits may arise from the raising of said grade; that whatever machinery or appliances were placed by the Consolidated Canal Company at the division-gates or below was without any right or authority, and against the rights of the Mesa Canal Company, and was an intrusion into, and a trespass upon, the rights of the Mesa Canal Company in having its water flow through and below the division-gates unimpeded and unobstructed in any manner whatever. The answer further alleges the dam was constructed about seventy-five feet below the division-gates, for the purpose of forcing water into a lateral ditch, in order to irrigate lands which were properly irrigable through the Mesa Canal below the division-gates, and that the dam was built only so high as was necessary to properly run the water into the lateral ditch. After the introduction of evidence and argument of counsel the court took the case under advisement, and afterwards rendered judgment for the defendant, denying the injunction or any other relief; from which judgment of the court and the order denying a new trial an appeal was taken and the case brought to this court.

There have been some points urged in the argument that were not based upon any allegation contained in the complaint. There were some matters alleged in the complaint that were not included in the prayer for relief nor supported by the evidence introduced at the trial of the case, and are not therefore properly before this court. The right to enjoin the defendant company is predicated in the complaint upon the destruction of the water-power and the obstruction to the flow of water in the canal and the consequent diminution of

its carrying capacity. The prayer is for an injunction restraining the defendant company from backing up the water against the division-gates and destroying the water-power and impeding the flow of water in its said canal.

The rights to enjoin the defendant company from the act mentioned, or from any act in the control of its property and conduct of its business, are necessarily those, and those only, which are conferred in the agreement entered into between the parties. In that the appellant was entitled to receive and use the water conducted by the canal that might be constructed when such agreement was made, and that was in compliance with the terms thereof afterwards constructed, by the appellant on the site of the canal formerly owned by the appellee; but that agreement contained the express stipulation that, "before it is entitled to receive or use any water through said canal, it shall first deliver at the division-gates the seven thousand inches of water agreed upon as the capacity of the original Mesa Canal." The agreement is silent as to the elevation at which the water should be delivered, and the appellant claims the right to deliver the water at the elevation at which the Mesa Canal Company had formerly received and used it at this point, and therefore constructed the division-gates to deliver the water at such elevation. This does not seem to have been objected to by the appellee. The water was thus received, and the annual rental paid, for years. There is now no step taken to compel the appellant to deliver it at any other elevation; but, at its own expense, by a dam erected on its own property, the appellee is raising the water to the elevation that will enable it to use such water to cover lands that could not be irrigated at the former elevation. The destruction thereby of the water-power would entitle the appellant to relief, if the water-power destroyed was one within the appellant's canal, or if the destruction of the use of the water to turn the wheel was destruction of, or interference in, the use of water which appellant was entitled to receive and use; but the evidence in the case discloses the fact that the water attempted to be used to produce the water-power is the seven thousand inches which under the terms of the agreement the appellant is obligated to deliver to the appellee before the appellant is entitled to receive or use any water through the enlarged canal.

The question has been raised in the pleadings as to whether the place of use was within that part of the canal over which the appellant was authorized to exercise control and management, or within the part of the canal over which the appellee had never conceded any authority to the appellant, and was therefore under the control of the Mesa Canal Company. It is not material to the determination of this issue which company has jurisdiction over the place where the water-power is located. The stipulation in the agreement makes it obligatory upon the appellant to deliver this water to the Mesa Canal Company "before it is entitled to receive or use any, water through the canal," and therein expressly denies to, and withholds from, the appellant any right to the use of this water, either to turn wheels or irrigate lands, or for any other purpose, until after it is delivered; and most assuredly the appellant could claim no right to it, or authority over it, or right to use it, after its delivery to the parties expressly entitled to it. The evidence does not show that the water had been raised by the check complained of above the level at which it had been carried by the appellant's canal to the point of delivery, nor above the level of the water remaining in the appellant's canal at that point. There being no stipulation fixing the elevation at which the Mesa water should be delivered, it would seem fair to suppose that it should be delivered at the elevation of the enlarged canal at the point of delivery. While the appellee might not be able to compel the delivery at such elevation without express agreement, it would be unjust and inequitable, without an express stipulation to that effect in the agreement, to compel the appellee to not only receive its water, but to continue to use it, at an elevation five feet lower than the rest of the water that had been carried that far in the same canal, simply to accelerate the flow of water, and thus increase the carrying capacity of the canal, in the interest of the other contracting party. The slight difference thus caused in the carrying capacity of the appellant's canal would seem to have been properly held by the lower court to be insufficient ground to justify interference in the proper and advantageous use of the water in its own canal by the appellee, since the elevation to which it was thus raised did not exceed the level at which it had been carried to the point of delivery by the appellant, or the level of

the water in the appellant's canal that had been carried to this point in the canal that was the common carrier for the water of both parties. An examination of the record discloses no error on the part of the lower court, and the judgment is therefore affirmed.

Sloan, J., and Davis, J., concur.

Street, C. J., took no part in the decision, having been of counsel.